FILED

JUN 2 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA


HARRY T. NUCKOLS, Plaintiff,

Fed. Reg. No. 05521-082

FCI Fairton-Satellite Camp

P.O. BOX 420

Fairton, New Jersey 08320


v.


FEDERAL BUREAU OF PRISONS

320 First Street, N.W.

Washington, D.C. 20534,

And,

HARLEY LAPPIN, DIRECTOR

Federal Bureau of Prisons

320 First Street, N.W.

Washington, D.C. 20534

Case: 1:07-cv-01181
Assigned To : Leon, Richard J.
Assign. Date : 6/29/2007
Description: Pro Se Gen. Civil


PLAINTIFF'S ADMINISTRATIVE PROCEDURE ACT
COMPLAINT, 5 U.S.C. § 701 ET SEQ.,
IN CONJUNCTION WITH 28 U.S.C. § 1331
FEDERAL QUESTION


**COMES NOW**, Plaintiff Harry T. Nuckols, acting

pro se, and hereby respectfully request this Honorable

Court to hold unlawful the Federal Bureau of Prisons(herein

after "B.O.P." or "Bureau") failure  to observe it's rule

set forth in Chapter 2's section2.3.1 of P.S. § 5330.10

RECEIVED

JUN 2 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

-1-

which demands that the respondents make an eligibilty

determination once an inmate requests it. See Plaintiff's

memorandum of law in support of this complaint, at

1).     In 1994 Congress under the Violent Crime Control

and Law Enforcement Act(VCCLEA) amended 18 U.S.C. § 3621

to require the Bureau to make available appropriate sub-

stance abuse treatment.18 U.S.C. § 3621(e)(1).

2).     The Bureau has regulations at 28 C.F.R. § 550.56

to implement the statutory requirement.

3).     The application of § 550.56 is set forth in

P.S. § 5330.10.

4).     In enacting P.S. § 5330.10, the B.O.P., specifically

included mandatory language i.e., the word "shall" in

Chapter 2, Section 2.3.1 of that program statement's

eligibility determination section.

5).     Court's usually interpret an agency's use of the

word shall in it's own rule as imposing a discretionless

obligation.

6).     On February 2, 2006, Plaintiff submitted a request

for a Ms. Barbra Flaxington(the Fairton Drug Program

Coordinator), to determine Plaintiff's eligibility for the

residential drug abuse program in accord with P.S.

§ 5330.10, Chapter 2, Section 2.3.1 (1997).

7).    On February 10, 2006, Ms. Flaxington denied this request.

8).    In its denial respondents failed to consider the unambiguous language explicated in Chapter 2's Section 2.3.1 of P.S. § 5330.10.

9).    The respondent's agreed with Ms. Flaxington's position in relying on Chapter 5, Section 5.4.1(a)(4) of P.S. § 5330.10, to uphold its decision to apply a time restriction to eligibility determinations.

**WHEREFORE,** the Plaintiff moves this Court to Grant the following relief:

A).    Construe Plaintiff's complaint liberally in accordance with the Supreme Court case <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972); and,

B).    An order from the Court compelling  the B.O.P. to conduct an eligibility interview in accord with Chapter 2, Section 2.3.1 of P.S. § 5330.10, for the Plaintiff without any time restrictions in an expeditous manner; and,

C).    For the Court to take any further action that the Court deems appropriate and just including reibursement for the entire Court filing fee, and for any and all cost that Plaintiff may incur during the course of this action.

Respectfully Submitted,

DATED: *June 17, 2007*          *Harry T. Nuckols*
                                Harry T. Nuckols, pro se

<u>CERTIFICATION OF COMPLAINT</u>

I declare under the penalty of perjury that the foregoing is true and correct, to the best of my knowledge, information, and belief under Title 28 U.S.C. § 1746 (West. Revised Ed. 2005).

Executed on _June_ / _17_ / 2007          _Harry T. Nuckols_
                                           Harry T. Nuckols, Pro Se

-5-

## CERTIFICATE OF SERVICE

This is to certify pursuant to Title 28 U.S.C. § 1746, that I have on this *17th* day of June 2007, served a copy of the foregoing upon the below listed parties by placing the same in the FCI Fairton Satellite Camp Institution prison mail box, addressed as follows:

Federal Bureau Of Prisons
320 First Street, N.W.
Washington, D.C. 20534

Harley G. Lappin, Director
Federal Bureau of Prisons
320 First Street
Washington, D.C. 20534

Harry T. Nuckols, Pro Se

PLAINTIFF's MEMORANDUM OF LAW IN SUPPORT OF
ADMINISTRATIVE COMPLAINT PURSUANT TO TITLE 5
U.S.C. § 701 ET SEQ., IN CONJUNCTION WITH
                28 U.S.C. § 1331.



                    AND


DECLARATION OF HARRY T. NUCKOLS WITH ACCOMPANYING
ATTACHMENTS.



07 1181
FILED

JUN 2 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# TABLE OF CONTENTS

JURISDICTION....................................Pages 2-3.

INTRODUCTION....................................Pages 3-4.

EXHAUSTION OF REMEDIES..........................Pages 4-6.

THE ISSUES PRESENTED............................Page 6.

STATEMENT OF FACTS..............................Pages 6-7.

**ARGUMENT**

      ISSUE I.   PROGRAM STATEMENT § 5330.10 IMPOSES A
                        DISCRETIONLESS OBLIGATION WHEN AN
                        INMATE REQUESTS AN ELIGIBILITY DET-
                        ERMINATION TO CONDUCT SUCH PROCEDURES
                        OUTLINED UNDER THAT SECTION.

....................................Pages 7-13.

      Sub Issue A.   THE BUREAU'S INTERPRETATION OF
                        P.S. § 5330.10, RENDERS CHAPTER 2,
                        SECTION 2.3.1 OF THE RULE VOID AND
                        MEANINGLESS

....................................Pages 13-14.

RULES AND STATUTES

5 U.S.C. § 701..................................Page 1.

5 U.S.C. § 702 and 707..........................Page 2.

28 U.S.C. § 1331................................Pages 1,2.

18 U.S.C. § 3621(b)............................Page 5, 7

18 U.S.C. § 3621(e)(1).........................Pages 2,7,8.

18 U.S.C. § 3621(e)(2)(B)......................Page 5.

21 U.S.C. § 841(a)(1)..........................Page 6,7.

21 U.S.C. § 853..............................page 7.

28 CFR §§ 542.12-542.18......................page 5.

P.S. § 5330.10, Chapter 2, Section 2.3.1......passim

P.S. § 5330.10, Chapter 5, Section 5.4.1(a)(4)
...............................................Pages 10,13.

CASES


Ameria Corp. v. Veneman, 347 FSupp.2d 225,226(M.D.N.C.
2004).......................................Page 8.

Anderson v. Yungkau, 329 U.S. 482, 485(1947)
...........................................Page 11.

Collazes v. United States, 368 F.3d 190, 199(2nd Cir.
2004).......................................Page 14.

Cort v. Crabtree, 113 F.3d 1081, 1085(9th Cir. 1997)
...........................................Pages 12,13.

Duncan v. Walker, 533 U.S. 167, 174(2001)
...........................................Page 14.

Engel v. Daniels, 459 F.Supp.2d 1053, 1054(D.Or.2006)
...........................................Pages 11,13,15.

Exportal Ltda v. United States, 902 F.2d 45, 50(D.C. Cir.
1990).......................................Page 11.

Fornaro v. James, 416 F.3d 63, 66 (D.C. Cir. 2005)
...........................................Page 2.

Fowler v. U.S. Parole Comm'n., 94 F.3d 835, 838 (3rd Cir.
1996).......................................Page 8.

Glavin v. Clinton, 19 F.Supp.2d 543, 551 (E.D. Va. 1998)
...........................................Page 14.

Goldstein v. SEC, 451 F.3d 873, 878 (D.C. Cir. 2006)
...........................................Page 13.

Gose v. Postal Service, 451 F.3d 831, 836 (Fed Cir.2006)
...........................................Page 14.

Irwin v. Hawk, 40 F.3d 347, 349 n.2 (11th Cir.1994)
...........................................Page 5.

Keen v. Corp., 508 U.S. 200, 208 (1993)
..................................................page 10.

Landry v. Hawk-Sawyer, 123 F.Supp2d 17, 18-19(D.D.C. 2000)
..............................................page 13.

Lane v. Pena, 518 U.S. 184, 196 (1996)
................................................page 2.

Megapulse Inc. v. Lewis, 672 F.2d 959, 966 n. 30(D.C.
Cir. 1982)..........................................page 3.

Olim v. Wakinekona, 461 U.S. 238, 249 (1983)
.................................................page 14.

Robbins v. Reagan, 780 F.2d 37, 42-43 (D.C. Cir.1985)
...............................................page 3.

Royster-Clark Agribus,Inc. v. Johnson, 391 F.Supp.2d 21,
25 n.2(D.D.C. 2005).................................page 2.

Simmat v. BOP, 413 F.3d 1225, 1236-38(10th Cir.2005)
..............................................page 5.

United States v. Boyton, 63 F.3d 337, 342(4th Cir.1995)
...........................................page 11
n. 11.

United States v. Heffner, 420 F.2d 809, 811 (4th Cir.1969)
.............................................page 8,15.

United States v. Morton, 467 U.S. 822, 828 (1984)
................................................page 10.

U.S. Nat'l Bank of Or. v. INDEP. INS. Agents, of AM., Inc.,
508 U.S. 439, 455 (1993)..........................page 9.

Wade v. Daniels, 373 F.Supp.2d 1201, 1202(D.Or.2005)
...............................................page 13.

CONCLUSION
.............................................pages 14-15.

RELIEF SOUGHT
..............................................page 15-16.

(iii)

Certification of Complaint

.............................................page 17.

CERTIFICATE OF SERVICE

.............................................page 18.

ATTACHMENT LIST OF DECLARATION

Attachment A(Administrative Appeal-Institution with Exhibits).

Attachment B(Administrative Appeal-Regional)

Attchment C(Administrative Appeal-Central Office)

IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


HARRY T. NUCKOLS, Plaintiff,
Fed. Reg. No. 05521-082
FCI Fairton-Satellite Camp
P.O. BOX 420
Fairton, New Jersey 08320


v.                                    Civil Action No._____


FEDERAL BUREAU OF PRISONS
320 First Street, N.W.
Washinton, DC 20534,

And,
HARLEY LAPPIN, DIRECTOR
Federal Bureau of Prisons
320 First Street, N.W.
Washington, DC 20534



PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS
ADMINISTRATIVE PROCEDURE ACT COMPLAINT, 5 U.S.C. § 701 Et. SEQ.,
INCONJUNCTION WITH 28 U.S.C. § 1331
FEDERAL QUESTION



    **COMES NOW**, Plaintiff Harry T. Nuckols, acting pro se,
and hereby respectfully request this Honorable Court to compel


-1-

the Bureau of Prisons(hereinafter "B.O.P." or "Bureau") to
conduct an eligibility determination for the residential
drug abuse program under 18 U.S.C. 3621(e)(1), in accord
with its duty set forth in Chapter 2's Section 2.3.1 of
P.S. § 5330.10.

## THE COURT HAS JURISDICTION OVER THIS APA ISSUE
## PURSUANT TO TITLE 28 U.S.C. § 1331.

Plaintiff asserts that the United States District
Court of the District of Columbia has jurisdiction to en-
tertain the instant matter, as he is not challenging the
duration of his confinement. See 5 U.S.C. §§ 702 and 707
(1996); See also Lane v. Pena, 518 U.S. 184, 196 (1996);
Fornaro v. James, 416 F.3d 63, 66 (D.C. Cir. 2005); Royster-
Clark Agribus, Inc. v. Johnson, 391 F. Supp.2d 21, 25 n.2
(D.D.C 2005).

Plaintiff specifically challenges the Bureau's
failure to adhere to Chapter 2, Section 2.3.1 of P.S. § 5330.10,
wherein it obligates the Bureau to make an eligibility deter-
mination at the time the inmate request to be interviewed.
Thus, plaintiff requests this Court to find that it has
jurisdiction to entertain this complaint pursuant to Title
28 U.S.C. § 1331.

> "...plaintiff was not required to bring
> this action in habeas." . . . "Plaintiff
> argues that the Bureau has incorrectly
> interpreted the statute... While some def-
> erence is accorded the Bureau of Prisons
> in interpreting the statute that it is to
> administer, '[t]he [federal] courts...
> have responsibility to resolve issues of
> statutory construction.' The Court there-
> fore finds that it has jurisdiction to
> review plaintiff's claims under the Admin-
> istrative Procedure Act."

See Landry v. Hawk-Sawyer, 123 F. Supp. 2d 17, 18-19

(D.D.C. 2000)(citations omitted)(emphasis added); Megapulse,

Inc. v. Lewis, 672 F.2d 959, 966 n. 30 (D.C. Cir. 1982)

("Even though the [Administrative Procedures Act] itself

technically grants no jurisdiction, power to review an agency

action under the APA exist under 28 U.S.C. § 1331.")(citing

Califano v. Sanders, 430 U.S. 99 (1977)); Robbins v.

Reagan, 780 F.2d 37, 42-43 (D.C. Cir. 1985)(Same).

        Here, the facts are disimilar to the facts in the

above cited cases but Plaintiff asserts that the legal

holdings of those cases should apply in the instant matter

because his complaint does not raise any claims cognizable

under 28 U.S.C. § 2241(C)(3).


                        INTRODUCTION


        Plaintiff is a federal prisoner, currently confined

at Federal Correctional Institution-Fairton, Satellite Camp.

Before being transfered to FCI-Fairton, Plaintiff had been


                            -3-

sentenced on August 16, 2005, by the Honorable Judge J. Garvan Murtha.

On Feburay 2, 2006, Plaintiff submitted a request to a Ms. Barbra Flaxington(the Fairton Drug Program Coordinator) to determine plaintiff's eligibility for the residential drug abuse program in accord with Chapter 2, Section 2.3.1 of P.S. § 5330.10.   However, the Bureau rejected Plaintiff's request finding that such determination can only be made within 36 months of his projected release date. See Plaintiff's Declaration, at 2, ¶2.

Plaintiff avers that after the Court review the relevant Program Statement in its entirety, the Court should find that the Bureau has violated it's duty under P.S. § 5330.10, Chapter 2, Section 2.3.1.

### EXHAUSTION OF REMEDIES

Plaintiff, as mentioned above submitted a request to the B.O.P. for an interview to have determined whether he was eligible for the Residential Drug Abuse Program.   The request was denied.   See Supra, this page.

Plaintiff thereafter initiated and exhausted all of his available Administrative Remedies, as enumerated as

-4-

follows:

> A.      A December 6, 2006, Fairton Attempt at
> Informal Resolution Form. <u>See</u> Declaration at
> ¶3's sub ¶ A.
>
> B. A December 27, 2006, BP-229(13)(Request for
> Administrative Remedy). <u>See</u> Id. at 2, ¶3's
> sub ¶ B.
>
> C.      A January 8, 2007, BP-230(13)(Request for
> Administrative Remedy-Regional). <u>See</u> Id. at 2,
> ¶3's sub ¶C.
>
> D.      A February 10, 2007, BP-231(13)(Request for
> Central Office Administrative Remedy). <u>See</u> Id. at
> 2, ¶3's sub ¶ D.

Plaintiff avers that he has exhausted all available admini-
strative remedies regarding his right to have the B.O.P. make
a determination whether he is eligible for the RDAP program
under 18 U.S.C. § 3621(b),(e)(2)B), in accordance with
28 CFR §§ 542.12 through 542.18.  <u>See</u> <u>Simmat v. B.O.P.</u>,413 F.3d
1225, 1236-38 (10th Cir. 2005); <u>Irwin v. Hawk</u>, 40 F.3d 347,
349 n.2 (11th Cir. 1994).   Therfore, this complaint should
be granted.

## THE ISSUES PRESENTED

1).   WHETHER PROGRAM STATEMENT § 5330.10, Chapter 2,
      Section 2.3.1, CONFERS UPON THE BUREAU A DUTY
      TO EVALUATE PLAINTIFF"S REQUEST FOR THE BUREAU
      TO MAKE AN ELIGIBILITY DETERMINATION ON HIS
      BEHALF FOR PLACEMENT INTO THE RDAP PROGRAM,ONCE
      HE MADE SUCH REQUEST?  PLAINTIFF AVERS THE ANSWER
      IS YES.

            A.   WHETHER THE BUREAU'S INTERPRETATION
                 OF P.S. § 5330.10, RENDERS CHAPTER 2's
                 Section 2.3.1 OF THE PROGRAM STATEMENT
                 VOID AND MEANINGLESS.  PLAINTIFF AVERS
                 THE ANSWER IS YES.

## STATEMENT OF FACTS

THE UNDERLYING OFFENSE

On September 23, 2004, a Federal Grand Jury in
the United States District Court of Vermont (Burlington),
returned a 1 count indictment charging Plaintiff and co-
defendant Robert R. Yost and others unknown to the Grand
Jury to knowlingly and intentionally distribute marijuana,
a Schedule I Controlled Substance in violation of 21 U.S.C.
§ 841(a)(1).

On November 18, 2004, a Federal Grand Jury in the
United States District Court of Vermont (Brattleboro), ret-
urned a 4-count indictment against Plaintiff, charging, to wit,
that he conspired with Yost and others to possess with the

-6-

intent to distribute a controlled substance in violation of
21 U.S.C. § 846; a violation of 21 U.S.C. § 841(a)(1);
and did knowingly and intentionally possess in and affecting
Commerce firearms in violation of 18 U.S.C. § 922(g)(1); and,
a count of Forfeiture pursuant to 21 U.S.C. § 853.

On April 11, 2005, Plaintiff plead guilty to
Counts 2 & 3 of the Superseeding Indictment, and agreed to
the Forfeiture in Count 4.

On August 16, 2005, the District Court sentenced
Plaintiff to a prison term of 75 months on each count, to
be served concurrently, to be followed by 4 years of
Supervised Release.

## ARGUMENT

ISSUE I.

> PROGRAM STATEMENT § 5330.10, IN CHAPTER 2,
> SECTION 2.3.1 USES THE WORD "SHALL" TO
> IMPOSE A DISCRETIONLESS OBLIGATION WHEN A
> INMATE REQUESTS AN ELIGIBILITY DETERMINATION
> TO CONDUCT SUCH PROCEDURES OUTLINED UNDER
> THAT SECTION, AND 18 U.S.C. §§ 3621(b),(e)(1).

On April 19, 2007, the Bureau denied Plaintiff's

-7-

appeal for the Bureau to change it's decision denying him
an eligibility determination for the RDAP program under
18 U.S.C. § 3621(e)(1).  See Declaration at 2, ¶3's sub
¶ D.  Relying on Chapter 5's Section 5.4.1(a)(4) of
P.S. § 5330.10, the Bureau applied the time restrictions
for the "selected for admission" procedure to the separate
unrelated procedure of "eligibility determinations" under
Chapter 2's Section 2.3.1 of the same program statement.
See Declaration at 2, ¶3's sub ¶ D's Attachment C(Part B),
at 1, ¶2.

        Plaintiff now challenges the validity of the
Bureau's failure to adhere to the mandatory language
explicated in Chapter 2's Section 2.3.1 of P.S. § 5330.10,
which "[a]n agency of the government must scrupulously
observe rules, regulations, or procedures which it has est-
ablished.  When it fails to do so, it's action cannot stand
and courts will strike it down." UNITED STATES v. HEFFNER,
420 F.2d 809, 811 (4th Cir. 1969); Ameria Corp. v. Veneman,
347 F.Supp.2d 225, 226 (M.D.N.C. 2004)(same).

        The overall statutory scheme of P.S. § 5330.10,
reveals that the Bureau elected to omit a time requirement
from the eligibility determination procedures delineated in
Chapter 2, Section 2.3.1.  "The interpretation of any
statute obviously begins with an analysis of the text it-
self." FOLWER v. U.S. PAROLE COMM'N, 94 F.3d 835, 838 (3rd

Cir. 1996).  The Court 'must not be guided by a single sentence or member of a sentence," but instead must "look to the provisions of the whole law, and to its object and policy." <u>U.S. NAT'L BANK OF OR. v. INDEP. INS. AGENTS OF AM., INC.</u>, 508 U.S. 439, 455 (1993)(internal citations omitted).

In B.O.P. program statement § 5330.10, the policy states that:

> "<u>ONCE AN INMATE REQUESTS RESIDENTIAL DRUG ABUSE TREATMENT PROGRAMMING, THE DRUG ABUSE TREATMENT STAFF SHALL DETERMINE THE INAMTES ELIGIBILITY FOR THE PROGRAM.</u> DRUG ABUSE TREATMENT STAFF SHALL:
> (1) Complete the Residential Eligibilty Interview;
> (2) substantiate the inmates self-disclosed drug history with documentation in the central file;
> (3) coordinate with unit staff to determine the inmates instant offense qualifies him/her for early release consideration;
> (4) determine the inmate's eligibility for early release based on previous criminal convictions; and if deemed eligible; and
> (5) ensure the inmate signs the appropriate treatment agreement."

See P.S. § 5330.10, Chapter 2, Section 2.3.1(1997)(emphasis added).   The plain language of the program statement clearly makes the time for an eligibility determination predicated on the time "an inmate requests residential drug abuse treatment programming." Id.   No where in the plain text of the procedures for eligibility determinations does a time requirement appear to make plain that the Bureau intended to base an eligibility determination upon the time remaining on a inmates sentence. <u>See</u> Id.

Contrary to the plain language of the policy the
respondent's now request the Court to embellish Section
2.3.1 of Chapter 2 to include a time restriction predicated
on the time remaining on a inmates sentence.  The Supreme
Court has been clear that "[c]ourts are obligated to refrain
from embellishing statutes by inserting language that Cong-
ress has opted to omit." KEEN CORP. v. UNITED STATES, 508
U.S. 200, 208 (1993).

Moreover, the respondent's now request the Court
to read P.S. § 5330.10,'s Chapter 5, Section 5.4.1(a)(4) as
a unrelated isolated provision from Chapter 2, Section 2.3.1
of that same program statement in order to give the appearance
that the former controls in regards to eligibility determin-
ation procedures under the RDAP program.  See  Declaration at
2, ¶3's sub ¶ D's Attachment C (Part B), at 1, ¶2; United
States v. Morton, 467 U.S. 822, 828 (1984)("[w]e do not con-
strue statutory phrases in isolation; we read statutes as a
whole.").

On the contrary, the "selected for admission"
procedure's setforth in Chapter 5's Section 5.4.1(a)(4) does
not serve the same function as an eligibility determination
thus the Bureau included the term "shall" in the plain lang-
uage of Section 2.3.1 of Chapter 2 to demonstrate it's intent
to have eligibility determinations predicated on the time the
inmate requests RDAP programming, leaving no discretion to

-10-

the Drug Program Coordinator when such requests is made.
See Supra, of this complaint at 9;[1] See also Exportal Ltda.
v. United States, 902 F.2d 45, 50 (D.C. Cir. 1990)("The
word 'shall' generally indictaes a command that admits of
no discretion on the part of the person instructed to carry
out the directive."); Anderson v. Yungkau, 329 U.S. 482,
485 (1947)("The word 'shall' is ordinarily 'The language of
command.'").

     Plaintiff avers that his position is not only
supported by the plain language of P.S. § 5330.10, Chapter 2,
Section 2.3.1, but also judicial interpretations of the
program statement at issue.   In Engel v. Daniels, a United
States District Court in Oregon interpreted program statement
§ 5330.10, wherein the court rejected the Bureau's assertion
that a time restriction applies to eligibility determinations,
reasoning that the theory that P.S. § 5330.10, "permits a

------

[1]

   The respondents in its decision denying Plaintiff's request for
an eligibility determination totally failed to consider Chapter 2's
Section 2.3.1 mandatory unambiguous language which explicitly contra-
dicts the Bureau's theory that a time restriction applies to eligibility
determinations under P.S. § 5330.10.  "Although an agency's interpretation
of its own regulations is entitled to deference from the courts, the
interpretation will not be enforced if it is plainly erroneous or incon-
sistent with regulations language or the intent of the regulation as
manifest by the agency at the time of the regulations promulgation."
United States v. Boyton, 63 F.3d 337, 342 (4th Cir. 1995).

time restriction is flatly contradicted by the rule itself."
459 F.Supp.2d 1053, 1054 (D.Or. 2006)(citing Wade v. Daniels,
373 F.Supp. 2d 1201, 1202 (D.Or. 2005).[2]

Congress when enacting 18 U.S.C. § 3621(b) and
(e) intended for prisoners to know there eligibility prior
to enrollment because "...some prisoner's may be willing to
enroll, and even to complete treatment, simply on the basis
of a reasonable expectation that they will be found eligible...."
CORT v. CRABTREE, 113 F.3d 1081, 1085 (9th Cir. 1997).

Indeed, an interpretation of § 3621(e) to suggest
that the Bureau did not have authority to render eligibility
decisions prior to inmates becoming within 36 months of their
projective release dates "would hinder the very purpose of
the statute." Id. at 1085.

Thus, the Bureau's ability to render: (1) **pre-enrollment** eligibility decisions under Section 2.3.1 of
Chapter 2; (2) **intermediate** eligibility decisions under
Section 5.4.1(a)(4) of Chapter 5; and (3) "**final** eligibility
decisions that are subject only to complettion of the drug
treatment program enables it to make more effective use of
the program." CRABTREE, at 1085(emphasis added).

---

2

While the facts of the Engel and Wade cases are not in common with
Plaintiff's, the holdings of those cases on the other hand has direct
application to the instant matter.  Here, Plaintiff did not request
admission into the RDAP program.  On the contrary, he requested a determ-
ination of whether he was eligible to request admission into the RDAP
program under 18 U.S.C. § 3621(b) and (e).

Plaintiff avers that the Court should follow the legal holdings of cases Engles v. Daniels, 459 F.Supp.2d 1053, 1054 (D.Or. 2006), Wade v. Daniels, 373 F. Supp.2d 1201, 1202 (D.Or. 2005) and Cort v. Crabtree, 113 F.3d 1081, 1085 (9th Cir. 1997) because they comport with the rules of statutory construction that "statutes should be read in context... and the problems Congress sought to solve ... taken into account..." GOLDSTEIN v. S.E.C., 451 F.3d 873, 878 (D.C. Cir. 2006)(citing PDK Labs, Inc. v. DEA, 362 F.3d 786, 796 (D.C. Cir. 2004)("PDK I"))(internal quotation marks omitted).

A.

THE BUREAU'S INTERPRETATION OF P.S. § 5330.10, RENDERS CHAPTER 2, SECTION 2.3.1 OF THE PROGAM STATEMENT VOID AND MEANINGLESS.

The respondents interprets the time restrainsts in the "selected for Admission" part of the program statement as encompassing the separate function of an eligibility determination renders the mandatory language explicated in Chapter 2, Section 2.3.1 meaningless and emasculates that whole entire section. Relying solely on Chapter 5's Section 5.4.1(a)(4) of P.S. § 5330.10, without reading or applying the program statement's other sections the Bureau erroneously

-13-

violates the principle that "[a] statute ought, upon the
whole, to be so construed that, if it can be prevented, no
clause, sentence, or word shall be superflous, void, or
insignificant[.]" DUNCAN v. WALKER, 533 U.S. 167, 174
(2001)(internal quotation marks omitted); Collazes v.
United States, 368 F.3d 190, 199 (2d Cir. 2004)("we are
...obliged 'to give effect, if possible, to every clause
and word of a statute,' and to render none superfluous.");
Glavin v. Clinton, 19 F.Supp.2d 543, 551 (E.D. Va. 1998)
("The Supreme Court has been clear '[i]t is the cardinal
principle of statutory construction' ... 'to give effect,
if possible, to every clause and word of a statute...
rather than to emasculate an entire section.'")(citations
omitted).

       Thus, the respondents interpretation in the instant
matter is arbitrary, capricious and manifestly contrary to
the statute which cannot survive judicial review. See
Gose v. Postal Service, 451 F.3d 831, 836 (Fed. Cir. 2006).


                          CONCLUSION

       A program statement "...or regulation may create a
protected liberty interest if it uses mandatory language, to
place a substantive limit on official discretion." OLIM v.
WAKINEKONA, 461 U.S. 238, 249 (1983); See also P.S. § 5330.10,
Chapter 2, Section 2.3.1(1997).  Here, the respondents (B.O.P.)
retains discretion as to whether to  grant a reduction

                            -14-

in a enrollee's sentence upon completition of the program, but such discretion is irrelevant to the determination of <u>eligibility</u> for the reduction upon the request of the inmate for placement into DAP." <u>ENGEL v. DANIELS</u>, 459 F.Supp.2d 1053, 1054 (D.Or. 2006)(citing <u>Cort v. Crabtree</u>, 113 F.3d 1081, 1085 (9th Cir. 1997)(emphasis in original). Thus, Plaintiff avers the Court should find that the respondents are in error for failing to adhere to its own rules setforth in Chapter 2, Section 2.3.1 of P.S. § 5330.10. <u>See</u> <u>United States v. Heffner</u>, 420 F.2d 809, 811 (4th Cir. 1969)( ruling that agency's must scrupulously observe rules or procedures it has established).

RELEIF SOUGHT

PLaintiff is seeking the following relief:
1). An order from the Court compelling the respondent to evaluate and GRANT Plaintiff's request for an eligibility determination in accord with Chapter 2, Section 2.3.1 of P.S. § 5330.10, in an expeditious manner; and,
2). For the Court to take any further action that the Court deems appropriate and just including granting all relief requested in Plaintiff's Administrative Procedure Act Complaint.

-15-

WHEREFORE, Plaintiff prays that the Court will grant him the relief that he is respectfully seeking.

Respectfully Submitted,

DATED: June 17, 2007

Gary T. Nuckols

CERTIFICATION OF MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFF'S ADMINISTRATIVE COMPLAINT UNDER
TITLE 5 U.S.C. § 701 ET. SEQ., AND 28 U.S.C. 1331.


I declare under the penalty of perjury that the
foregoing is true and correct, to the best of my knowledge,
information, and belief under Title 28 U.S.C. § 1746
(West. Revised Ed. 2005).


Executed On June / 17 /2007

Harry T. Nuckols, Pro Se

## CERTIFICATE OF SERVICE

This is to certify pursuant to Title 28 U.S.C. § 1746, that I have on this _17th_ day of June 2007, served a copy of the foregoing upon the below listed party by placing the same in the FCI Fairton Satellite Camp Institution prison mail box, addressed as follows:

Federal Bureau of Prisons
320 First Street, N.W.
Washington, D.C. 20534

Harley G. Lappin, Director
Federal Bureau of Prisons
320 First Street, N.W.
Washington, D.C. 20534


_Harry T. Nuchols_
Harry T. Nuckols, Pro Se

IN THE UNITED STATES DISTRICT
FOR THE DISTRICT OF COLUMBIA

HARRY T. NUCKOLS, Plaintiff,
Fed, Reg. No. 05521-082
FCI Fairton-Satellite Camp
P.O. BOX 420
Fairton, New Jersey 08320

v.                                          Civil Action No._____

Federal Bureau of Prisons
320 First Street, N.W.
Washington, D.C. 20534,
And,

HARLEY LAPPIN, DIRECTOR
Federal Bureau of Prisons
320 First Street, N.W.
Washington, D.C. 20534

DECLARATION OF HARRY T. NUCKOLS, IN SUPPORT
OF ADMINISTRATIVE PROCEDURE ACT COMPLAINT,
5 U.S.C. § 701 ET SEQ., IN CONJUNCTION WITH
28 U.S.C. § 1331._____

I, HARRY T. NUCKOLS, a federal prisoner, presently
incarcerated at Federal Correctional Institution-Fairton,
Satellite Camp located at Fairton, New Jersey, 08320, hereby
aver under the penalty of perjury, and affirm that I am com-
petent to testify to the matters stated herein, and wit.

-1-

1).    On August 16, 2005, I was sentenced by the Honorable Judge J. Garvan Murtha, to a prison term of 75 months and 4 years supervised release.

2).    On or about Feburary 2, 2006, I submitted a request for the Fairton Drug Program Coordinator, Ms. Barbra Flaxington, to make an eligibility determination in my case i.e., a decision on whether or not I could participate in the 500 hour drug program and Incentive program set forth in 18 U.S.C. § 3621(e). See Attachment A's Exhibit's A - F.

However, the Respondents rejected my request reasoning that P.S. § 5330.10 precludes such evaluation until I was within 36 months of my projective release date. See Attachment A's Exhibit A(Disposition Section); See also Id.'s Exhibit's C and D.

The Respondents in its denial did not take into consideration Chapter 2's Section 2.3.1 of P.S. § 5330.10, wherein the rule mandates that the eligibility determination procedure's be invoked once an inmate request such determination to be made. See Attachment A's Exhibit A.

3).    I thereafter initiated and exhausted all of my available Remedies, as enumerated as follows:

> A. A December 6, 2006, Fairton Attempt at Informal Resolution Form, which contains a response from respondents, id. at Attachment A's Exhibit E;

B.   A December 27, 2006, BP-229(13) Request
for Administrative Remedy that was submitted
to Paul M. Schultz(Warden), and his response
in part B, id. at Attachment A, at 1;

C.   A January 8, 2007, BP-230(13) Request for
Regional Administrative Remedy(Appeal No.
437986-R2) that was submitted to D. Scott
Dodrill, Regional Director, and his response
in Part B, id. at Attachment B, at 1;

D.   A February 10, 2007, BP-231(13) Request
for Central Office Administrative Remedy Appeal
(appeal No. 437986-A1) that was submitted to
Harrell Watts, Administrator National Inmate
Appeals, and his response in Part B, id. at
Attachment C, at 1.

4).   Plaintiff avers that he has exhausted all available
administrative remedies.

5).   That any and all other material facts, whether set-out
above or newly discoverd are not waived but are presented in
support of my Administrative Procedure Act Complaint filed

-3-

under Title 5 U.S.C. § 701 ET SEQ., IN CONJUNCTION WITH
28 U.S.C. § 1331.

I _HARRY T. Nuckols_____, declare pursuant to
28 U.S.C. § 1746, under the penalty of perjury that the
foregoing is true and correct to the very best of my reco-
llection, belief and understanding.

DATE: _June 17, 2007_                    _Harry T. Nuckols_
                                         Harry T. Nuckols, Pro Se

-4-

## CERTIFICATE OF SERVICE

        This is to certify pursuant to Title 28 U.S.C. § 1746, that I have on this _17th_ Day of June 2007, served a copy of the foregoing upon the below listed party by placeing the same in the FCI Fairton Satellite Camp Institution prison mail box, addressed as follows:

Federal Bureau of Prisons
320 First Street, N.W.
Washington, D.C. 20534

Harley G. Lappin, Director
Federal Bureau of Prisons
320 First Street
Washington, D.C. 20534

Harry T. Nuckols, Pro Se

# Attachment

# A

RECEIVED

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | NUCKOLS, HARRY T. | 05521-082 | CAMP | F.C.I. FAIRTON |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST**

Consistent with the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), I submit this grievance seeking a definitive determination at this time as to whether, if I am admitted to the Bureau of Prisons Residential Drug Abuse Program (RDAP), I may receive up to a one-year sentence reduction upon successful completion of same. Assuming arguendo that I am eligible for RDAP and that I successfully complete the program, I would like to know if I will then be eligible for a reduction of sentence; and if not, why not.

For the past year, I have been seeking a definitive answer as to whether I may receive a sentence reduction upon the successful completion of RDAP, should I be admitted. My efforts began on February 2, 2006 via an inmate request form (a so-called "cop-out") addressed to Dr. Barbara Flaxington, the RDAP coordinator at F.C.I. Fairton. Dr. Flaxington replied that my "eligibility for the program and sentence reduction will be evaluated" once I am interviewed for eligibility for participation in RDAP within 36 months of my release (see Exhibit A).

CONTINUED

12/27/06
DATE

_Harry Nuckols_
SIGNATURE OF REQUESTER

**Part B– RESPONSE**

See attached Warden's response

07 1181
**FILED**

JUN 2 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

DATE

WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

CASE NUMBER: 43 7986-F1

ORIGINAL: RETURN TO INMATE

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
            LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.        UNIT         INSTITUTION

SUBJECT: _____

DATE                                    RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP–229(13)
APRIL 1982

**REQUEST FOR ADMINISTRATIVE REMEDY**                    Conintuation Page

Because this response was not satisfactory, I submitted a more formal comm-
unication to Dr. Flaxington seeking "a determination regarding my eligibility
for a sentence reduction" (see Exhibit B). This communication was circu-
lated to various parties within the B.O.P. Subsequntly, I received two
responses from Mr. Paul M. Schultz, Warden at F.C.I. Fairton, dated March 16,
2006 (see Exhibit C) and May 16, 2006 (see Exhibit D), essentially reiter-
ating Dr. Flaxington's response and deferring any assessment of whether I am
eligible for a sentence reduction until such time that I may be interviewed
for RDAP, which will not be until January 2008.

Because these responses are not satisfactory and I cannot obtain a defin-
itive answer regarding my potential eligibility (or ineligibility) for a
sentence reduction, I initiated an informal grievance (see Exhibit E). The
response which I received thereto was identical to previous responses and
is similarly unsatisfactory.

It is my understanding that my offense of conviction (felon in possession of
firearms in violation of 18 U.S.C. § 922(g)) and/or the sentencing enhance-
ment which I received in my Pre-Sentence Investigation Report (P.S.R.) (see
Exhibit F at 7, ¶¶ 25 and 26) may preclude me from receiving a post-RDAP
sentence reduction.

Such a finding by the B.O.P. would be contrary to the express findings and
recommendations of the U.S. District Court which sentenced me (see Exhibit G
at 22; at 24-25; see also Exhibit H at 2, ¶ 10(1) and at 4, ¶ 14). Such a
determination would also contravene holdings of the U.S. Court of Appeals
for the Third Circuit. See United States v. Bowers, 432 F.3d 518 (3rd Cir.
2005) (18 U.S.C. § 922(g) is not a violent crime for purposes of the bail
statute); Royce v. Hahn, 151 F.3d 116 (3rd Cir. 1998) (applying categorical
approach to 18 U.S.C. § 922(g) and holding offense not to be a crime of
violence); Roussos v. Menifee, 122 F.3d 159 (3rd Cir. 1997) (B.O.P. acted
arbitrarily in denying sentence reduction to inmate who completed drug pro-
gram based upon sentence enhancement for guns possessed in drug conspiracy
conviction). But see Stiver v. Mako, 130 F.3d 574 (3rd Cir. 1997) (inmate
properly denied sentence reduction after participation in drug program
because of prior convictions for specifically enumerated crimes of violence).

In an effort to learn whether I will be in a position to seek a sentence
reduction prospectively upon successful completion of RDAP; and to learn
whether the mandate of my sentencing court will be fulfilled, I submit this
grievance at this time.

DATED: 12/27/06                    HARRY NUCKOLS   #05521-082

INMATE NAME: NUCKLES, HARRY
Register Number: 05521-082
Administrative Remedy Number: 437986-F1

---

## Part B - Response

This is in response to your request for an Administrative Remedy received on December 28, 2006. You express dissatisfaction that you have not yet been given a definitive answer as to whether you will receive a sentence reduction upon completion of the Residential Drug Abuse Program (RDAP). You request that this determination be made now.

A review of this matter found that your good conduct time release date is January 24, 2011. As you acknowledge already being informed, per policy (Program Statement 5330.10, <u>Drug Abuse Programs Manual, Inmate</u>), inmates must be within thirty-six months of release to be considered for RDAP participation. At that time, you would first be interviewed to assess whether you meet the admission criteria for the program. If you do qualify for RDAP, your eligibility for sentence reduction would then be evaluated. Both your current offense and past adult criminal conviction history would be reviewed for violence or other exclusionary offenses under the Director's discretion according to Program Statement 5162.04, <u>Categorization of Offenses</u> in making this determination. Should you wish to pursue residential drug treatment, you will need to submit a request to be interviewed for the program once you are within thirty-six months of release.

Accordingly, your appeal is denied. If you are dissatisfied with this response, you may appeal to the Regional Director, Northeast Regional Office, U.S. Customs House - 7th Floor, 2nd and Chestnut Streets, Philadelphia, PA 19106. Your appeal must be received in the Regional Office within 20 days from the date of this response.

_____          _____1-3-07_____
Paul M. Schultz, Warden                Date

# EXHIBIT

# A

**U.S. DEPARTMENT OF JUSTICE**

FEDERAL BUREAU OF PRISONS

| TO:(Name and Title of Staff Member) | | DATE: |
|---|---|---|
| MRS. Barbra FLAxington (Drug Treatment Coach) | | 2/2/06 |
| FROM: HARRY Nuckols | REGISTER NO.: | 05521-082 |
| WORK ASSIGNMENT: GARAGE | UNIT: | CAMP |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.)

MRS. FLAxington,
The Judge in my CASE authorized me for the 500 Hour
Drug Program. I need something in writing telling me if
I will Receive credit for Sentence Reduction.
THANK-You
HARRY Nuckols
05521-082

(Do not write below this line)

DISPOSITION:

Interviews for RDAP are conducted within 36 months of release.
Your eligibility for the program and sentence reduction will
be evaluated at that time if you request to be interviewed.

| Signature Staff Member | Date |
|---|---|
| B. Flax, DAPC | 2/10/06 |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

# EXHIBIT

# B

HARRY NUCKOLS
REG.# 05521-082
FCI FAIRTON CAMP
P.O. BOX 420
FAIRTON, NJ 08320



RECEIVED

MAR - 7 2006

FCI FAIRTON
WARDEN'S OFFICE

February 20, 2006

Ms. Barbara Flaxington
Drug Treatment Coordinator
U.S. Department of Justice
Federal Bureau of Prisons
Federal Correctional Institution
Fairton, New Jersey 08320

                Re:  USA v. Nuckols
                     Docket# 1:04-cr-A39-01
                     FBOP Reg.# 05521-082

Dear Ms. Flaxington:

     Please accept this letter as a follow up to my initial
BP-8 and formal request for a determination regarding my
eligibility for a sentence reduction pursuant to 18 U.S.C.
3621(e)(2)(B).


     It is my understanding that the Honorable J. Garvan
Murtha, the judge, who presided at my sentence recommended
that the Bureau of Prisons designate me to a facility that
will allow my participation in a drug treatment program.
Please see the attached statement of reasons, page 4, para.
14, also, the highlighted contents of (page 3) - statement
of reasons. It is my further understanding that the judge's
recommendation contemplates my early release for successful
completion as provided by the referenced statute.


     The concern for my present request arises as a result of
an initial discussion with case manager, Mr. J. Bruce here at
FCI Fairton Camp. Mr. Bruce indicated to me that I am, "ineli-
gible for a sentence reduction because of the gun enhancement,"
that attaches to my sentence. His opinion seems to be contrary
to the court's recommendation.


     Notwithstanding Mr. Bruce's "gut reaction" response to my
inquiry concerning sentence reduction, the sentencing court
specifically recommends that I participate in a 500 hour pro-
gram that will offer early release. Please refer to the court's
statement of reasons, attached. Furthermore, the prelim···ary

**FILED**

JUN 2 9 2007

0° 1181

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

research that I have performed has yielded information
contrary to Mr. Bruce's response to me, and in accord
with judge murtha's recommendation.

Kindly review my file and furnish me a response
as reasonably soon as possible. I eagerly await your
response.

Very truly yours,

Harry Nuckols

cc:

    Hon. J. Garvan Murtha
    D. Scott Dodrill, Reg. Dir.
    Paul M. Schultz, Warden
    T.A. Jones, Camp Administrator
    J. Bruce, Case Manager

# EXHIBIT

# C

Inmate Name: Nuckles, Harry
Register Number: 05521-082

---

### Disposition

This is in response to your letter received in my office on March 7, 2006. Copies of this letter were also sent to the Honorable J. Garvan Murtha, D. Scott Dodrill, Regional Director, T. A. Jones, Camp Administrator, J. Bruce, Case Manager, and B. Flaxington, Drug Abuse Program Coordinator. In your letter you express concern that you may not be eligible for a sentence reduction upon completion of the Residential Drug Abuse Program (RDAP). You request a determination regarding your eligibility for early release consideration.

A review of this matter found that your good conduct time release date is January 24, 2011. According to Program Statement 5330.10, Drug Abuse Programs Manual, Inmate, inmates must be within thirty-six months of release to be considered for RDAP participation. At that time, you would first be interviewed to assess whether you meet the admission criteria for the program. If you do qualify for RDAP, your eligibility for sentence reduction would then be evaluated. Both your current offense and past adult criminal conviction history would be reviewed for violence or other exclusionary offenses under the Director's discretion according to Program Statement 5162.04, Categorization of Offenses in making this determination. Should you wish to pursue residential drug treatment, you will need to submit a request to be interviewed for the program once you are within thirty-six months of release.

I trust this information addresses your concerns.

_____          3/13/06
Paul M. Schultz, Warden                   Date

07 1181

**FILED**

JUN 2 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# EXHIBIT

# D

Inmate Name: Nuckles, Harry
Register Number: 05521-082

---

### Disposition

This is in response to your letter dated April 12, 2006, to Harley G. Lappin, Director Federal Bureau of Prisons, and forwarded to me for a response.   In your letter you express concern that you may not be eligible for a sentence reduction upon completion of the Residential Drug Abuse Program (RDAP).  You request a determination regarding your eligibility for early release consideration.

A review of this matter found that your good conduct time release date is January 24, 2011. According to Program Statement 5330.10, <u>Drug Abuse Programs Manual, Inmate</u>, inmates must be within thirty-six months of release to be considered for RDAP participation.  At that time, you would first be interviewed to assess whether you meet the admission criteria for the program.  If you do qualify for RDAP, your eligibility for sentence reduction would then be evaluated.  Both your current offense and past adult criminal conviction history would be reviewed for violence or other exclusionary offenses under the Director's discretion according to Program Statement 5162.04, <u>Categorization of Offenses</u> in making this determination.  Should you wish to pursue residential drug treatment, you will need to submit a request to be interviewed for the program once you are within thirty-six months of release.

I trust this information addresses your concerns.

_____          _____
Paul M. Schultz,  Warden                                     Date

07 1181

**FILED**

JUN 2 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# EXHIBIT

# E

SEPTEMBER 3, 1993
Attachment 1

Federal Correctional Institution
and Federal Prison Camp
Fairton, New Jersey

ADMINISTRATIVE REMEDY PROCEDURES FOR INMATES
INFORMAL RESOLUTION FORM

This form is to be completed by the Correctional Counselor.

DATE: December 6, 2006

INMATE: Nuckols, Harry          REG. NO.: 05521-082          Unit: Camp

1) THE INMATES COMPLAINT: I have been informed that although I am eligible for the Residential Drug Abuse Program (R.D.A.P.), I have also been informed that I may not be eligible for up to one year of sentence reduction.  I am attempting to learn whether I may receive time credit upon completion of the program; and if not, why not.

2) THE RELIEF HE IS REQUESTING: I would like to definitively know at this time whether I may receive up to one year of sentence reduction upon successful completion of the R.D.A.P. program.

3) EFFORTS MADE BY THE INMATE TO INFORMALLY RESOLVE THE COMPLAINT, INCLUDING THE NAMES OF STAFF HE CONTACTED.: On Feb. 2, 2006, I communicated with Dr. Barbara Flaxington, the drug treatment coordinator, via inmate request form; on Feb. 20, 2006, I communicated again with Dr. Flaxington via correspondence; and on March 6, 2006, I communicated via correspondence with the national office regarding my interest in participating in R.D.A.P.

4) EFFORTS MADE BY STAFF TO INFORMALLY RESOLVE THE COMPLAINT: On March 13, 2006 and again on May 16, 2006, I received communication from Warden Paul M. Schultz informing me that my eligibility for sentence reduction would be determined at the time of my application for participation in R.D.A.P., which in turn can only occur within 36 months of my release.

SEE ATTACHED. REF; TO B. FLAXINGTON, DAP COORD.
Per policy, interviews for RDAP are conducted within 36 months of release. It must first be determined whether you even qualify to participate in the program before considered for early release is reviewed. You should be interviewed at that time - B. Flaxington, DAP. If you submit a request VOT 100 can

DATE INFORMALLY RESOLVED: _____

OR DATE BP-229 WAS ISSUED: _____

_____
CORRECTIONAL COUNSELOR

_____
UNIT MANAGER

07 1181

**FILED**

JUN 2 9 2007

# EXHIBIT

# F

enter a guilty plea, thereby permitting the Government to avoid preparing for trial and permitting both the Government and the Court to allocate their resources efficiently. Therefore, it appears that the Defendant has demonstrated an acceptance of responsibility for his offense conduct and is entitled to the appropriate reduction in his offense level.

### Offense Level Computations

23. Pursuant to the decision of the Supreme Court in United States v. Booker, 125 S.Ct 738 (2005), and the Second Circuit Court of Appeal's subsequent decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), application of the sentencing guidelines is not mandatory and the following guideline analysis is provided to the Court for its consideration in determining an appropriate sentence in this case.

24. The November 1, 2004 Edition of the United States Sentencing Commission Guidelines Manual has been used to determine the appropriate guideline applications in this case.

25. **Base Offense Level:**                                                                 24

The guideline for the offense is found in section 2K2.1 of the guidelines.[4] The base offense level is 24. Under the guidelines, the Defendant committed the instant offense conduct subsequent to sustaining two felony controlled substance offenses. The predicate felony convictions include the Defendant's conviction on March 9, 1986, in New Jersey for Manufacturing, Distributing and Possessing Controlled Substances With Intent to Distribute, and his February 27, 1996, conviction in New Jersey for Manufacturing, Distributing, and Dispensing Controlled Substances.

26. **Specific Offense Characteristics:**                                                  +8

   a. Pursuant to U.S.S.G. §2K2.1(b)(1)(C), the Defendant's offense level is increased by 4 because he possessed 8 firearms.

   b. Pursuant to U.S.S.G. §2K2.1(b)(5), the Defendant's offense level is increased by 4 because he possessed a firearm in connection with another felony offense. In this case, the evidence shows that the Defendant possessed firearms in connection with the possession of marijuana offense that is contained in Count Two, because the weapons were found inside the residence that contained the marijuana grow operation.

27. **Victim-Related Adjustment:**                                                       None

28. **Adjustments for Role in the Offense:**                                             None

29. **Adjustment for Obstruction of Justice:**                                           None

07 1181
**FILED**
JUN 2 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

---

[4]Pursuant to U.S.S.G. §3D1.2(c), because the offense conduct alleged in Count Two, the marijuana offense, embodies conduct that is treated as a specific offense characteristic in the guideline applicable to Count Three, the firearm offense, these offenses are grouped. Pursuant to U.S.S.G. §3D1.3(a), the base offense level is determined by the count, in this case Count Three, which has the highest offense level.

U.S. DISTRICT COURT                          - 8 -                          NUCKOLS, HARRY

30.    **Adjusted Offense Level (Subtotal):**                                            **32**

31.    **Chapter Four Enhancements:**                                                    **34**

    a.   <u>Career Offender</u>: In accordance with the provisions found in U.S.S.G. §4B1.1, because the Defendant was at least 18 years old at the time he committed the instant offense, the instant offense of conviction is a felony controlled substance offense, and the Defendant has at least two prior felony controlled substance convictions as detailed below, the Defendant is a Career Offender. Therefore, pursuant to U.S.S.G. §4B1.1(b), his offense level is increased to 34[5].

    b.   The predicate felony convictions include the Defendant's conviction on March 9, 1986, in New Jersey for Manufacturing, Distributing and Possessing Controlled Substances With Intent to Distribute, and his February 27, 1996, conviction in New Jersey for Manufacturing, Distributing, and Dispensing Controlled Substances.

32.    **Acceptance of Responsibility:**                                                 **-3**

33.    **Total Offense Level:**                                                          **31**

    <u>Offense Behavior Not Part of Relevant Conduct</u>

34.    None.


## PART B: DEFENDANT'S CRIMINAL HISTORY

    <u>Juvenile Adjudication(s)</u>

35.    Unknown.


    <u>Adult Criminal Conviction(s)</u>

| Date of Arrest | Conviction/Court | Imposed/ Disposition | Guideline/ Score |
|---|---|---|---|
| 36.  01/12/77 (Age 20) | Attempted Larceny, Galloway Township Municipal Court, Galloway, NJ, Dkt.# SA77260 | 01/19/77: Guilty plea, fined $35.00, court costs of $15.00 | §4A1.2(e)(3)  0 |

---

[5]The predicate offense contained in Count Two has a statutory maximum sentence of 40 years imprisonment, therefore, the offense level associated with that offense under the Career Offender guideline is 34.

According to police records, on January 12, 1977, the Defendant and Clifford T. McCord attempted to steal an electric motor located on the roof of an abandoned factory building. Police were summoned to the factory by an anonymous caller, and upon arrival, they observed Nuckols and McCord on the roof of the factory unbolting the motor. McCord and Nuckols had attached a cable to the motor and were about to lower it to the ground when they were confronted by police officers. Both men were arrested and charged with Attempted Larceny. On January 19, 1977, Nuckols pled guilty and he was fined as noted above.

| | | | | |
|---|---|---|---|---|
| 37. | 04/09/77<br>(Age 21) | (1) Larceny;<br>(2) Possession of Stolen Property,<br>Galloway Township Municipal Court,<br>Galloway, NJ,<br>Dkt.# W39377 | 05/04/77: Guilty, sentenced to serve 30 days in jail | §4A1.2(e)(3)<br><br>0 |

According to court documents, on April 9, 1977, the Defendant and Clifford T. McCord stole 25 sheets of tongue-and-groove pine plywood from a residential construction site located at 4th and Magnolia Avenue in Galloway Township, New Jersey. The Toyota truck in which Nuckols and McCord were riding was stopped by a police officer who noticed that it lacked a front license plate. The officer asked them where they were going at that time of night (1:25 a.m.) With a load of wood, and McCord replied "I'm not going to lie to you, we just got plywood from Magnolia Avenue." Both men then admitted stealing the plywood and they were arrested. The plywood was valued at $264.00. On May 4, 1977, Nuckols pled guilty and he was sentenced to serve 30 days in jail.

| | | | | |
|---|---|---|---|---|
| 38. | 07/21/77<br>(Age 21) | Resisting Arrest,<br>Egg Harbor Township Municipal Court,<br>Bargaintown, NJ,<br>Dkt.#WC59841 | 08/08/78: Guilty, fined $125.00 | §4A1.2(e)(3)<br><br>0 |

According to police records, on July 15, 1977, the Defendant resisted a lawful arrest being conducted by New Jersey police officers. On August 8, 1978, Nuckols was convicted and fined $125.00. The Defendant was initially also charged with Marijuana Production, however, he was acquitted of that charge. No further information is available regarding the facts of this conviction.

| | | | | |
|---|---|---|---|---|
| 39. | 09/10/86<br>(Age 30) | (1) & (2) Manufacturing with Intent to Distribute Controlled Substances (felony),<br>Superior Court of New Jersey, Atlantic County,<br>Indictment #86-09-1728 | 03/09/87: Guilty plea.<br>06/03/88: sentenced to 3 years in New Jersey State Prison, credit for 26 days already served.<br>01/17/89: Paroled.<br>07/06/90: Maxed out parole. | §4A1.1(a)<br><br>3 |

On July 1, 1986, an undercover police officer in the Mays Landing area of Atlantic County New Jersey conducted a controlled purchase of methamphetamine from Harry Nuckols. The officer set up the transaction by telephoning Nuckols and asking to "borrow 100" which was a code meaning that the officer wanted to purchase one ounce of methamphetamine. Nuckols informed the officer to call back in 45 minutes. The officer called back and Nuckols agreed to sell him the requested quantity of methamphetamine. The officer met Nuckols at the Gravely Run Bar which was closed for renovations at the time of the transaction. Nuckols lived in an apartment over the Bar with his girlfriend Mary Diego, who was also involved in the sale of methamphetamine. The undercover officer purchased one ounce of methamphetamine for $975.00, and made arrangement to purchase a half-pound of methamphetamine in the near future. Nuckols agreed to the future sale, but cautioned that he would need time to arrange for that much weight. During the transaction, Nuckols appeared to be very knowledgeable regarding the manufacture of methamphetamine as he was able to describe the process to the undercover officer. After the transaction was complete, the officer left the bar and returned to the New Jersey State Police Barracks where the drugs were inventoried and stored as evidence. The entire incident was observed by a surveillance officer stationed outside the Bar. On September 10, 1986, Nuckols was arrested following the return of an indictment, and originally charged with seven counts of Manufacturing, Distribution and/or Possession with Intent to Distribute Controlled Substances. On March 9, 1987, he pled guilty to two counts of Manufacturing with Intent to Distribute Controlled Substances and on June 3, 1988, was sentenced to 3 years imprisonment in the New Jersey State Prison. On January 17, 1989, Nuckols was released to parole and on July 6, 1990, he was discharged from parole after reaching his maximum expiration date.[6]

| 40. | 09/20/94 (Age 38) | Manufacturing Distributing and Dispensing Controlled Substance (felony), Superior Court of New Jersey, Atlantic County, Dkt.#96-02-00408-A | 02/27/96: Guilty plea. 05/03/96: Sentenced to 18 months probation, 1 day in jail with credit for 1 day, $2,050.00 fine, court costs of $75.00. | §4A1.1(c) | 1 |

According to police records and court documents, on August 3, 1994, a detective with the Mullica, New Jersey Police Department received an anonymous call from a concerned citizen who had discovered a marijuana crop growing near Elwood Weekstown Road in Mullica, New Jersey. Police officers investigated the complaint and discovered a horseshoe-shaped field which contained

RECEIVED
COMMUNITY CORRECTIONS OFFICE

AUG 2 4 2005

BOP-REGIONAL OFFICE
BOSTON, MA

---

[6]This conviction is assigned 3 criminal history points under U.S.S.G. §4A1.1(a) because it is within the 15 year "look back" period outlined in §4A1.2(e)(1). The look back period begins on the earliest date of the relevant conduct (see Application Note 8 to §4A1.2) which is November 2, 2002, according to Nuckols' admission to police on the day of his arrest (Nuckols admitted on September 2, 2004, that he had been conducting the marijuana grow operation for the last 22 to 24 months). The 15 year look back period terminates on November 2, 1987, which predates the imposition of the sentence in the case, June 3, 1988.

approximately 100 growing marijuana plants ranging in height from 6 to 8 feet. There was also evidence that the area had been used in prior years to grow marijuana. The narcotics unit began a long-term covert surveillance of the area and on September 20, 1994, they observed Harry Nuckols approach the marijuana crop and begin tending the plants. One of the hidden officers stood up and yelled "police, don't move!" to which Nuckols responded "oh fuck!" At that point Nuckols took flight and after a short foot chase he tripped, fell down, and was apprehended. Nuckols was arrested and questioned about his illegal activities. Officers also searched his house and seized $17,200.00 in U.S. currency along with a large quantity of marijuana. Officers seized the marijuana growing in the plot and determined that it had a total weight of 265 pounds. On February 27, 1996, Nuckols pled guilty and he was sentenced to 18 months probation and 1 day in jail. It should be noted that the Defendant cooperated with New Jersey officials in exchange for a non-incarcerative sentence.

## Criminal History Computation

41.    The criminal convictions listed above are assigned 4 criminal history points and Nuckols would normally be assigned to criminal history category III, however, because he is a Career Offender, pursuant to U.S.S.G. §4B1.1(b), his criminal history category is VI.

## Other Criminal Conduct

42.    None.

## Pending Charges

43.    Other than the instant offense, the Defendant does not have any pending criminal charges that this officer is aware of.

## Other Arrests

| Date of Arrest | Charge | Agency | Disposition |
|---|---|---|---|
| 44.    09/25/74 (Age 18) | Possession of Controlled Substance (marijuana) | Superior Court of New Jersey, Atlantic County, Dkt.#633-74J3 | 08/18/75: Enrolled in a 1 year conditional discharge program. 01/17/78: Conditional discharge dismissal |

No further information is available regarding this arrest.

important that his or her name appear in the presentence report so that the Federal Bureau of Prisons will permit mail and/or visitation from that child.

49.     The Defendant has lived in several states throughout his life including New Jersey, New York, Florida, West Virginia, and most recently Vermont. Nuckols resided at the Victory, Vermont property for approximately the last 4 years after purchasing it with the co-defendant in 2000. At the present time, Nuckols resides in New Jersey with his sister.[7]

Physical Condition

50.     During the presentence investigation report the Defendant noted that he recently began having concerns regarding his physical health. Specifically, Nuckols has noticed unusual heart palpitations since his arrest on the instant offense. Nuckols has not had his concerns verified by a doctor because he does not have health insurance. Other than this concern, the Defendant is healthy and has no history of serious or chronic health problems.

Mental and Emotional Health

51.     The Defendant advised this officer that he attends mental health counseling in New Jersey with a counselor named Philip M. Huber L.P.C. This counseling has focused on Nuckols' depression following his arrest on the instant offense. This officer received a letter from the Defendant's mental health worker regarding Nuckols' progress in treatment. The full text of that letter, which was dated December 21, 2004, is as follows:

a.      "Mr. Nuckols was evaluated by me on December 1, 2004. And has seen me weekly since the evaluation. Mr. Nuckols came into treatment after being arrested for cultivation of cannabis. During my evaluation I found Mr. Nuckols' clinical diagnosis to be consistent according to the Diagnostic and Statistical Manual for Mental Disorders fourth edition TR: with both an Adjustment Disorder with Depressed Mood and Post Traumatic Disorder from childhood. I believe the Federal System would be better served by placing Mr. Nuckols on a lengthy probation rather than incarceration and allowing Mr. Nuckols to contribute to society by being on a work program where he is able to better contribute to society."

52.     This officer is not aware of any further mental or emotional problems of the Defendant.

Substance Abuse

53.     During the presentence investigation interview the Defendant disclosed prior use of alcohol, marijuana, powder cocaine and methamphetamine. According to Nuckols, he does not drink alcoholic beverages on a regular basis and last imbibed alcohol in October of 2004. The Defendant noted that he has attended Alcoholics Anonymous meetings in the past, but does not consider himself an alcoholic.

---

[7]This move to New Jersey resulted from the fact that the Victory, Vermont property is subject to seizure by the Government.

**U.S. DISTRICT COURT**                    - 14 -                    **NUCKOLS, HARRY**

54.    At age 19 or 20 the Defendant began using marijuana on a regular basis. Since that age Nuckols has smoked marijuana regularly "off and on" until his arrest on the instant offense. The Defendant noted that he used powder cocaine approximately 12 times in his life. Between ages 30 and 32 Nuckols used methamphetamine irregularly.[8]

55.    The Defendant has not attended drug treatment or counseling.

<u>Educational and Vocational Skills</u>

56.    The Defendant attended Absegami High School (now called Oakcrest High School) located in Hamilton Township, New Jersey and graduated in 1975. Nuckols was ranked 193rd in a class of 509 students with an overall grade point average of 80.3.

57.    In addition to the Defendant's formal education, he has also received vocational and/or on the job training in plumbing, electrical, welding, painting, and general building trades. Nuckols has not served in the armed forces of the United States.

<u>Employment Record</u>

58.    The Defendant is currently employed at Coastline Corporation which is a painting business located in Pleasantville, New Jersey. Nuckols is a painter journeyman at Coastline and is paid $31.00 per hour for full time work. The Defendant is a member of the Painters and Allied Trades Union #277 in New Jersey.

59.    Prior to his employment at Coastline, the Defendant worked briefly at Teamwork Labor Services Inc. of Easton, Massachusetts in 2004 where he earned $398.13, and Freeman Decorating Services Inc. located in Dallas, Texas where he earned $96.25. The nature of these jobs is unknown, however they were most likely temporary.

60.    Social Security Administration records indicate that the Defendant did not report legitimate income in tax years 2003 or 2002. In 2001, Nuckols was employed at K&J Interiors Inc. in Plymouth, Massachusetts where he earned $2,772.00, and at Sheetmetal Specialists in HVAC Inc. located in South Burlington, Vermont where he earned $15,682.25.

61.    The Defendant reported that he was self-employed as a building contractor for the majority of his life, and did not regularly report this income to relevant taxing authorities.

62.    Social Security Administration records indicate that Nuckols reported the following income between 1980 and 2004:

| | |
|---|---|
| 1980 | None |
| 1981 | None |
| 1982 | $256.00 |
| 1983 | None |
| 1984 | None |
| 1985 | None |

---

[8]As noted in the Adult Criminal Convictions section of this report, Nuckols was convicted in New Jersey on March 9, 1987, of trafficking in methamphetamine.

# Attachment



U.S. Department of Justice    **Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

| From: | NUCKOLS, HARRY T. | 05521-082 | CAMP | F.C.I. FAIRTON |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL**

This is an appeal of an unsatisfactory response to an inquiry directed to the Warden of F.C.I. Fairton regarding determination of eligibility for the B.O.P.'s Residential Drug Abuse Program (R.D.A.P.).

Consistent with the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), I submit this grievance appeal seeking a definitive determination at this time as to whether, if I am admitted to the Bureau of Prisons Residential Drug Abuse Program, I may receive up to a one-year sentence reduction upon successful completion of same. Assuming arguendo that I am eligible for RDAP and that I successfully complete the program, I would like to know if I will then be eligible for a reduction of sentence; and if not, why not.

For the past year, I have been seeking a definitive answer as to whether I may receive a sentence reduction upon the successful completion of RDAP, should I be admitted. My efforts began on February 2, 2006 via an inmate request form (a so-called "cop-out") addressed to Dr. Barbara Flaxington, the RDAP coordinator at F.C.I. Fairton. Dr. Flaxington replied that my eligibility for the program

| 1/9/07 | | | |
|---|---|---|---|
| DATE | **CONTINUED** | | SIGNATURE OF REQUESTER |

**Part B - RESPONSE**

| | |
|---|---|
| DATE | REGIONAL DIRECTOR |

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE    CASE NUMBER: 437986-R2

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____

| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|---|

SUBJECT: _____

| DATE | SIGNATURE, RECIPIENT OF REGIONAL APPEAL |
|---|---|

REGIONAL ADMINISTRATIVE REMEDY APPEAL

Continuation Page

and sentence reduction will be evaluated" once I am interviewed for eligi-
bility for participation in RDAP within 36 months of my release (see Exhibit
A).

Because this response was not satisfactory, I submitted a more formal comm-
unication to Dr. Flaxington seeking "a determination regarding my eligiblity
for a sentence reduction" (see Exhibit B). This communication was circu-
lated to various parties within the B.O.P. Subsequently, I received two
responses from Mr. Paul M. Schultz, Warden at F.C.I. Fairton, dated March 16,
2006 (see Exhibit C), and May 16, 2006 (see Exhibit D), essentially reiter-
ating Dr. Flaxington's response and deferring any assessment of whether I am
eligible for a sentence reduction until such time that I may be interviewed
for RDAP, which will not be until January 2008.

Because these responses are not satisfactory and I cannot obtain a defin-
itive answer regarding my potential eligibility (or ineligibility) for a
sentence reduction, I initiated an informal grievance (see Exhibit E). The
response which I received thereto was identical to previous responses and
is similarly unsatisfactory.

It is my understanding that my offense of conviction (felon in possession of
firearms in violation of 18 U.S.C. § 922(g)) and/or the sentencing enhance-
ment which I received in my Pre-Sentence Investigation Report (P.S.R.) (see
Exhibit F at 7, ¶¶ 25 and 26) may preclude me from receiving a post-RDAP
sentence reduction.

Such a finding by the B.O.P. would be contrary to the express findings and
recommendations of the U.S. District Court which sentenced me (see Exhibit G
at 22; at 24-25; see also Exhibit H at 2, ¶ 10(1) and at 4, ¶ 14). Such a
determination would also contravene holdings of the U.S. Court of Appeals
for the Third Circuit. See United States v. Bowers, 432 F.3d 518 (3rd Cir.
2005) (18 U.S.C. § 922(g) is not a violent crime for purposes of the bail
statute); Royce v. Hahn, 151 F.3d 116 (3rd Cir. 1998) (applying categorical
approach to 18 U.S.C. § 922(g) and holding offense not to be a crime of
violence); Roussos v. Menifee, 122 F.3d 159 (3rd Cir. 1997) (B.O.P. acted
arbitrarily in denying sentence reduction to inmate who completed drug pro-
gram based upon sentence enhancement for guns possessed in drug conspiracy
conviction). But see Stiver v. Mako, 130 F.3d 574 (3rd Cir. 1997) (inmate
properly denied sentence reduction after participation in drug program
because of prior convictions for specifically enumerated crime of violence).

In an effort to learn whether I will be in a position to seek a sentence
reduction prospectively upon successful completion of RDAP; and to learn
whether the mandate of my sentencing court will be fulfilled, I submit this
grievance appeal at this time.

DATED: 1/8/07

HARRY NUCKOLS  #05521-082

**NUCKOLS, Harry**
Reg. No. 05521-082
Appeal No. 437986-R2
Page One

---

### Part B – Response

In your appeal, you state staff at FCI Fairton has refused to
advise if you will be eligible for a reduction in your sentence
without first determining your eligibility for admission to a
Residential Drug Abuse Program (RDAP). You request an immediate
evaluation of your status and to be told whether or not you would
qualify for a sentence reduction upon successful completion of
the RDAP.

A review of your appeal revealed that you have a good conduct
time projected release date of January 2011. Pursuant to Program
Statement 5330.10, <u>Drug Abuse Program Manual</u>, inmates must be
within 36 months of release to be interviewed for admission to
the RDAP. No determination can be made regarding your
eligibility for a sentence reduction until it is decided whether
or not you are appropriate for the RDAP. Once this determination
is made, if you are not satisfied, you may appeal the decision by
filing a new Request for Administrative Remedy with the Warden.
Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the
General Counsel, Federal Bureau of Prisons. Your appeal must be
received in the Administrative Remedy Section, Office of General
Counsel, Federal Bureau of Prisons, 320 First Street, N.W.,
Washington, D.C. 20534, within 30 calendar days of the date of
this response.

Date: February 5, 2007

D. SCOTT DODRILL
Regional Director

# Attachment



U.S. Department of Justice     **Central Office Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

| From: | NUCKOLS, HARRY T. | 05521-082 | CAMP | FCI FAIRTON |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL**

This is an appeal of an unsatisfactory response to an appeal of the Regional
Administrative Remedy Appeal wherein I requested the BOP to correct it's denial
of my request to be interviewed regarding a determination of eligibility for the
B.O.P.'s Residential Drug Abuse Program (RDAP). In the Regional Director's response
dated February 5, 2007, he stated that "inmates must be within 36 months of release
to be interviewed for admission to the RDAP." See Part B Response, at page one.
"A review of your appeal revealed that you have a good conduct time projected
release date of January 2011." Id. "Accordingly, your appeal is denied." Id.
Petitioner now asserts that the BOP's use of Program Statement 5330.10, wherein
a 36 month from release requirement for RDAP determination is contained to deny
me an immediate evaluation for RDAP violates my right to consideration under [continued]

_2/10/07_
DATE

_Harry Nuckols_
SIGNATURE OF REQUESTER

**Part B—RESPONSE**

<br><br><br><br>

| DATE | GENERAL COUNSEL |
|---|---|

ORIGINAL: RETURN TO INMATE        CASE NUMBER: _____

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____

| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|---|

SUBJECT: _____

DATE       SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN        BP-231(13)
APRIL 1982

CENTRAL OFFICE ADMINISTRATIVE REMEDY APPEAL                 Continuation Page

18 U.S.C. § 3621(e)(2)(B).  "BOP rules require an eligibility determination
to be made when a prisoner request admission into DAP, **and there are no re-
strictions on when that request can be made**."  WADE v. DANIELS, 373 F. Supp.2d
1201, 1202 (D.Or.2005) (emphasis added); McCOMB v. WAMBAUGH, 934 F.2d 474,
481 (3rd Cir. 1991)("[I]n any conflict between a statute and a reulation
purporting to implement the statutes provisions, the regulation must, of
course, give way."); RENO v. KORAY, 515 U.S. 50, 61 (1995)("Bureau of Prisons
Program Statement's entitled to less deference because not promulgated under
APA").

According to the case law cited above and the plain language of 18 U.S.C.
§ 3621(b) and (e)(2)(B), the regional response should be corrected and my
remedy granted in the interest of justice.  Therefore, I submit this
grievance appeal at this time.


DATED: 2/10/07


                                    HARRY NUCKOLS    # 05521-082

**Administrative Remedy No. 437986-A1**
**Part B - Response**

This is in response to your Central Office Administrative Remedy
Appeal in which you request to be interviewed for a determination
as to your eligibility for early release following successful
completion of the Residential Drug Abuse Program.

Program Statement 5330.10, <u>Drug Abuse Programs Manual, Inmate</u>,
stipulates an inmate must have a verifiable, documented drug or
alcohol abuse problem to be eligible for participation in the
Residential Drug Abuse Program (RDAP) and subsequent early
release incentive eligibility under 18 U.S.C. § 3621(e).  P.S.
5330.10 further stipulates that ordinarily, the inmate must be
within 36 months of release to be eligible for the RDAP.  Inmates
are selected for admission to residential programs based upon the
time remaining on their sentence.

Records indicate your current projected release date is
January 24, 2011, via Good Conduct Time release.  Your
eligibilities for the RDAP and early release under the provisions
of 18 U.S.C. § 3621(e) have not been officially determined to
date.  Such determinations will be made when you are within 36
months of your projected release date.  If you are not satisfied
with the written notification of the determination when issued,
you may initiate a Request for Administrative Remedy at your
local institution.

Based on the foregoing, your appeal is denied.


April 19, 2007
_____
Date

Harrell Watts, Administrator
National Inmate Appeals

F
07-1181
RJL

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Harry T. Nuckols | BOP, ETAL |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _88888_
(EXCEPT IN U.S. PLAINTIFF CASES)

Pro Se  PR

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
# 05521-082

Case: 1:07-cv-01181
Assigned To : Leon, Richard J.
Assign. Date : 6/29/2007
Description: Pro Se Gen. Civil

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)

☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZEN...
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ☐ A. Antitrust | ☐ B. Personal Injury/ Malpractice | ☐ C. Administrative Agency Review | ☐ D. Temporary Restraining Order/Preliminary Injunction |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

### ☐ E. General Civil (Other) OR ☒ F. Pro Se General Civil

| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☒ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act<br><br>**No Summons Issued** |

| ☐ **G.** *Habeas Corpus/2255* | ☐ **H.** *Employment Discrimination* | ☐ **I.** *FOIA/PRIVACY ACT* | ☐ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ **K.** *Labor/ERISA (non-employment)* | ☐ **L.** *Other Civil Rights (non-employment)* | ☐ **M.** *Contract* | ☐ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ Multi district Litigation    ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 USC 1983

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23    **DEMAND $**    Check YES only if demanded in complaint    **JURY DEMAND:** ☐ YES    ☐ NO

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    ☐ YES ☒ NO    If yes, please complete related case form.

DATE 6.29.07    SIGNATURE OF ATTORNEY OF RECORD *NCO*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.