IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HARRY T. NUCKOLS, )
        Plaintiff, )
)
v. )  Civil Action No. 07-1181 (RJL)
)
FEDERAL BUREAU OF PRISONS, et al. )
        Defendants. )
_____/

**RECEIVED**
NOV - 5 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION
TO DISMISS, MOTION FOR SUMMARY JUDGMENT, MOTION FOR TRANS-
FER AND ACCOMPANYING MEMORANDUM OF POINTS AND AUTHORITIES.

      **COMES NOW**, Plaintiff Harry T. Nuckols, acting Pro Se, and hereby respectfully submit this response in opposition to the defendant's dispositive motions filed in the above captioned case under Fed.R.Civ.P. 12(b)(1),(b)(3) and (b)(6), 56(c); and 28 U.S.C. § 1404(a). According to D.C. Circuit law the failure of Plaintiff's response to the defendant's dispositive motion may result in the district court granting the motion and dismissing the case. See Fox v. Strickland, 837 F.3d 507, 509(D.C. Cir. 1998).

In support of this Response, Plaintiff respectfully refers the Court to the accompanying memorandum of points and authorities and contradictory allegations set forth in Plaintiff's verified complaint,[1] Memorandum of law in support of complaint and Declaration of Harry T. Nuckols, which all should be considered on the defendant's motion for summary judgment as if in a new affidavit. "Every circuit that has faced this issue has treated verified complaints as acceptable opposition to a motion under Rule 56 for summary judgment. As the First Circuit has stated:

> There is some uncertainty as to whether, or when, a verified complaint can serve in lieu of an affidavit for purposes of opposing a summary judgment motion.... We think the better rule is that a verified complaint ought to be treated as the functional equivalent of an affidavit to the extent that it statisfies the standards explicated in Rule 56(e)...."

See NEAL v. KELLY, 963 F.2d 453, 457 (D.C. Cir. 1992)(citing Sheinkopf v. Stone, 927 F.2d 1259, 1262 (1st Cir.1991)(citations omitted)).

---

[1] Plaintiff verified his complaint in the above captioned case under the statutory substitute for the taking of an oath, declaring "under penalty of perjury ... that the foregoing is true and correct," and dating his signature. See 28 U.S.C. § 1746(1)(1991). Thus, the complaint and accompanying memorandum of law was verified and constituted an affidavit. See Neal, 963 F.2d at 457.

IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HARRY T. NUCKOLS,
        Plaintiff,

v.                              Civil Action No. 07-1181 (RJL)

FEDERAL BUREAU OF PRISONS, et al.
        Defendants.
_____/

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF HIS RESPONSE IN OPPOSITION TO
DEFENDANTS DISPOSITIVE MOTIONS, MOTION FOR TRANSFER
AND ACCOMPANYING MEMORANDUM OF POINTS AND AUTHORITIES

      **COMES NOW**, Plaintiff Harry T. Nuckols, acting Pro Se, and hereby respectfully presents his memorandum of points and authorities in support of his Response in opposition to Defendants dispositive motions and accompanying memorandum of points and authorities. Plaintiff is asking the Court to consider this opposition as a sworn affidavit in support of his position opposing the defendants motion for summary judgment. See McNamara v. National Credit Union Ass'n, 264 F.Supp 2d 1, 4 (D.D.C. 2002)(courts are to grant pro se litigants more

latitude in procedural matters).  In support of this opposition, Plaintiff swears to the following:

## I. FACTS

Plaintiff hereby incorporates his complaint, under the Administrative Procedure Act of Title 5 U.S.C. § 701 ET SEQ.(including accompanying memorandum of law and Declaration of Harry T. Nuckols) filed in the above captioned case.

## II. ARGUMENT

### A. THIS COURT HAS SUBJECT MATTER JURISDICTION

1. SECTION 3625 OF 18 U.S.C., DOES NOT PRECLUDE JUDICIAL REVIEW TO DETERMINE WHETHER THE BOP EXCEEDED ITS STATUTORY AUTHORITY.

In the instant matter the Honorable Court should find by reading Plaintiff's complaint that he raised issues of statutory construction for the Court to resolve and thus the Court has power to hear those claims, which are not challenges to the duration of Plaintiff's confinement or a BOP decision

regarding participation in RDAP. See Complaint, Plaintiff's Memorandum of Law("Cmplt. Memo.") at 2 and 3. Specifically, Plaintiff argues that the Bureau has incorrectly interpreted statutes 18 U.S.C.§§ 3621(b), 3621(e) and Program Statements §§ 5330.10, Chapter 2, Section 2.3.1, 5330.10, Chapter 5, Section 5.4.1(a)(4). See Cmplt. at 7 - 14.[1] Accordingly, "'[t]he [federal] courts ... have responsibility to resolve issues of statutory construction.'" LANDRY v. HAWK-SAWYER, 123 F. Supp.2d 17, 18-19 (D.D.C. 2000)(citations omitted).

The honorable Court should therefore find that it has jurisdiction to review Plaintiff's claims under the Administrative Procedure Act. Id.

---

[1] The Defendant's misreads Plaintiff's complaint as raising a challenge to the BOP's substantive decision and thus incorrectly argues that judicial review of Plaintiff's claims set forth in his complaint are precluded under 18 U.S.C. § 3625. See Defendant's Memorandum of Law("Deft. Memo.") at 8.

It appears that the defendant's failed to acknowledge in its dispositive motion to the Court the focus and entire discussion in Fristoe v. Thompson, 144 F.3d 627, 631 (10th Cir. 1998), which was that statute § 3625 does not preclude this Court from interpreting a statute. Thus, the defendants reliance on Fristoe to dismiss Plaintiff's complaint is misplaced. See Fristoe, 144 F.3d at 631("While § 3625 may preclude us from reviewing the BOP's sub- stantive decision in appellant's case, it does not prevent us from interp- reting the statute to determine whether the BOP exceeded its statutory auth- ority.")(citations omitted).

B.  PLAINTIFF AVERS THAT HE CAN PROVE A SET OF FACTS IN SUPPORT OF HIS CLAIMS WHICH WOULD ENTITLE HIM TO RELIEF

Under Federal Rule of Civil Procedure 8(a)(2), a Claim need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(e)(1) states that "[e]ach averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required." And Rule 8(f) instructs that "[a]ll pleadings shall be construed as to do substantial justice." [2]

"'In Conley v. Gibson, the Supreme Court interpreted these rules to mean that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" 355 U.S. 41, 45-46 (1957).

The grounds relied on by the defendant's in it's dispositive motions and accompanying memorandum of law, moving the district court to dismiss Plaintiff's complaint are inconsistent with Rule 8 and Conely. The grounds to support this reasoning is et forth below:

(1) Plaintiff put the defendants on Notice

---

[2] See Haines v. Kerner, 404 U.S. 519, 520 (1972)

-4-

that its interpretation holding that there is a 36-month time restriction for eligibility determinations violates the unambiguos plain language of statutes P.S. §§ 5330.10, Chapter 2, Section 2.3.1 and 5330.10, Chapter 5, Section 5.4.1(a)(4), which makes the BOP exceeding its statutory authority in the instant matter. See Complt. at 1 - 3; See also Sinclair v. Kleindienst, 711 F.2d 291, 293 (D.C. Cir. 1983)("The Federal Rules of Civil Procedure do not require a claimant to set out the precise facts on which the claim is based... 'Notice pleading is sufficient.").

Plaintiff avers that his complaint readily meets the standard of Conley and its progeny. His complaint expressly states that it is founded upon 5 United States Code § 702 and 707 and 28 United States Code § 1331 for the Bureau's incorrect interpretation of its own rules under § 5330.10. See Cmplt. at 1; See also Cmplt. Memo. at 2 and 3. Moreover, when an agency of the government incorrectly interprets a rule it has established [3] the courts have held such action to be a claim upon which relief can be granted, See United States v. Heffner, 420 F.2d 809, 811 (4th Cir. 1969), to survive a motion to dismiss under Rule 12(b)(6). See Sparrow v. United Air Lines, Inc. 216 F.3d 1111, 1115 (D.C.

---

[3] Here, the BOP enacted Program Statement 5330.10, Chapter 2, Section 2.3.1 entitled(ELIGIBILITY DETERMINATION) to outline the steps to determine eligibility. In the Defendant's memorandum of Points and Authorities they conceded to the fact that these steps must be used. See Def. Memo. at 7, n.3("Section 2.3.1 (Eligibility Determination) outlines the steps that must be used to determine eligibility..."). The time requirement for these steps are based on when the inmate request the eligibility determination. See Cmplt. Memo. at 9 - 14.

Cir. 2000).

C. THERE IS A GENUINE DISPUTE THAT EXIST IN THE INSTANT MATTER WHICH MAKES SUMMARY JUDMENT NOT REQUIRED

On page four of the defendant's memorandum of points and authorities, it is asserted that the claims set forth in Plaintiff's complaint are Precluded by the Doctrine of Res Judicata. See Def. Memo. at 4 - 7.

In determining whether Plaintiff's is barred by the claim preclusion aspect of res judicata the issue before the Court is whether Plaintiff is challenging the same as that upon which he challenged in Nuckols v. Schultz, No. 07-2319, 2007 WL 1723409, at *1(D.N.J. June 8, 2007). The defendant argues that the two actions are identical because both include the issue of an eligibility interview. See Def. Memo. at 6.

Plaintiff, on the otherhand, now attest that the two actions are different because the New Jersey habeas corpus petition under 28 U.S.C. § 2241 could not have been used to challenge exclusively the Bureau's rule making decisions, Plaintiff was constrained to challenges of the execuation of his sentence. See Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3rd Cir. 2005). [4]   Therefore, preclusion in the instant

---

4
 Infact, the District Court for the District of New Jersey reviewed Plaintiff's habeas corpus only for constitutional violations. See Def. Memo. at 6 ("...Plaintiff's claim was 'unripe and may never ripen [,]' because the only violation Plaintiff allegedly suffered was 'his need to wait for BOP's determination'...")(quoting Nuckols v. Schultz, No. 07-2319, 2007 WL 1723409,at 3-4 (D.N.J. June 8, 2007)).

matter would work an unfairness because the District Court for the District of New Jersey never considered the plain language of Section 2.3.1 of P.S. § 5330.10. See <u>Milton S. Kronheim & Co. v. District of Columbia</u>, 91 F.3d 193, 197 (D.C. Cir. 1996)("...there is a fair probability of unfairness in estopping the relitigation of an issue where the fullness of its first litigation is uncertain.").

Therefore, Plaintiff asserts that his claim is now ripe for review under the APA. <u>See</u> <u>Landry v. Hawk-Sawyer</u>, 123 F.Supp.2d 17, 18-19 (D.D.C.2000)(";[t]he [federal] courts ... have responsibility to resolve issues of statutory construction.'")(citations omitted).

Furthermore, summary judgment would be in appropriate at this juncture, based on the fact that the Bureau has incorrectly stated that "...the intent of the program statements is ambiguous." Def. Memo. at 14; <u>See also</u> <u>Landry</u>, 123 F.Supp.2d at 18 -19.

Plaintiff opposes this conclusion on the basis that the statutes are not ambiguous. Program statement 2.3.1 involves <u>eligibility determinations</u>. The plain language is clear and precise that the Bureau is mandated to follow the steps outlined therein. <u>See</u> <u>Supra</u>, of this Response, at 4, foot note 3; <u>See also</u> Cmplt. Memo. at 9 - 10. The defendants on the other hand, are trying to confuse the Court by equating the "selected for admission" procedures i.e., placement procedures with eligibility

determinations, yet these two functions are separate. See Cmplt. Memo. at 10 - 12; See also Def. Memo. at 19, n.6 ("Thus even if Plaintiff should have been permitted an immediate eligibility interview, he still would not be selected for admission until he was within thirty-six months of his release date.")

Plaintiff asserts that the defendants knows that the plain language of the program statement supports his position[5] and thus is acting in bad faith in the instant matter because it may be more convient for the Bureau to implement both separate procedures [the eligibility determination] and the [select for admission determination] at the same time within the 36-month time restrictions, it still does not make the former and the latter program statements ambiguous.

In fact, its the defendants interpretation of the program statement that creates the appearance of ambiguity when it refuses to give effect to the plain language in Section 2.3.1. See Cmplt. Memo. at 13 - 14.  Despite the BOP's unreasonable

---

[5]
    The program statement states: "Once an inamte requests residential drug abuse treatment programming, the Drug Abuse Treatment staff shall determine the inmates eligibility for the program. Drug Abuse treatment staff shall:(1) Complete the Residential Eligibility Interview..." P.S. § 5330.10, Chapter 2, Section 2.3.1(1997); See also Cmplt. Memo. at 9.
    The plain language of the program statement is clear that the time for a eligibility determination is based on the inmates request. Thus, the defendants reliance on Norwood v. Stone, No. 06-144, 2006 WL 1207712,*5(E.D. Ky, May 3, 2006) is misplaced because that court did not take into consideration the entire text of Section 2.3.1 of P.S. § 5330.10; See Def. Memo. at 15, n.4.

interpretation of its regulations, it further contends that Plaintiff's position is not supported by the holdings in Engels v. Daniels, 459 F.Supp.2d 1053(D.Or.2006), Wade v. Daniels, 373 F.Supp.2d 1201(D. Or.2005) and Cort v. Crabtree, 113 F.2d 1081 (9th Cir.1997). See Def. Memo. at 17. Plaintiff avers that if the Court reads his complaint and the cases mentioned above, the Court should find that the defendant's contention is incorrect, because eventhough the facts in those cases are not the same as Plaintiff's, the legal holdings of those cases has direct application to the instant matter. See Cmplt. Memo. at 11 - 12.

D.  PLAINTIFF IS ENTITLED TO INJUNCTIVE RELIEF

The defendant's error of not interviewing Plaintiff immediately upon his request in accord with section 2.3.1 of P.S. § 5330.10, Chapter 2, was not harmless. The Supreme Court has made it clear that a program statement "...or regulation may create a protected liberty interest if it uses mandatory language, to place a substantive limit on official discretion." OLIM v. WAKINEKONA, 461 U.S. 238, 249 (1983); See also P.S. § 5330.10, Chapter 2, Section 2.3.1(1997).

Moreover, the Courts have a duty to interpret statutes. Contrary to the defendants position, see Def. Memo. at 20, this duty in no way will work an adverse impact on the function of the

federal prison system to protect staff and inmates, and service the public interest.

    E.    THIS MATTER SHOULD NOT BE TRANSFERED TO THE DISTRICT OF NEW JERSEY.

Here, Plaintiff is acting pro se. On November 2, 2007, Plaintiff will be transfered out of the state of New Jersey to the state of South Dakota. Plaintiff is being transfered to the Federal Prison of FPC YANKTON, P.O. BOX 680, Yankton, SD 57078.

Moreover, Plaintiff avers that Washington DC is the proper venue for the case because his case requires the testimony of Harrell Watts, Administrator National Inmate Appeals who resides at 320 First Street, N.W. Washington, D.C. 20534; and Harley G. Lappin, Director of Federal Bureau of Prisons who also resides at the foregoing address. "When the Federal Officers named as defendants are to be found within the District of Columbia for purposes of personal jurisdiction, venue is properly laid under Section 1391(e)." STARNES v. MCGUIRE, 512 F.2d 918, 925 (1974).

## IV CONCLUSION

For the foregoing reasons, the defendant's dispositive

motions, motion for transfer and accompanying memorandum of points and authorities should be dismissed, because the Court has jurisdiction and Plaintiff has stated a claim upon which relief may be granted. And in the alternative, the Court should set a date for trial on the merits.

Date: *November 1, 2007*                              Respectfully Submitted,

                                                      *Harry T. Nichols*

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served, this 1st Day of November, 2007, by United States Mail, First Class postage, addressed to:

Federal Bureau Of Prisons
320 First Street, N.W.
Washington, D.C. 20534

Harley G. Lappin, Director
Federal Bureau of Prisons
320 First Street
Washington, D.C. 20534

Assitant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530

Harry T. Nuckols