UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| HARRY T. NUCKOLS,<br><br>   Plaintiff,<br><br>   v.<br><br>FEDERAL BUREAU OF PRISONS<br>*et al.*,<br><br>   Defendants. | Civil Action No. 07-1181 (RJL) |

## MEMORANDUM OPINION

Plaintiff Harry Nuckols filed this *pro se* complaint against the Federal Bureau of Prisons and its Director, Harley Lappin, alleging that the defendants' implementation of a statute violates the Administrative Procedures Act ("APA"), 5 U.S.C. § 701 *et seq.* Because his claim is barred by the doctrine of claim preclusion, sometimes referred to as *res judicata*, it will be dismissed pursuant to the Court's authority *sua sponte* to screen *pro se* complaints, 28 U.S.C. § 1915(e), and to apply the doctrine of claim preclusion, *Stanton v. D.C. Court of Appeals,* 127 F.3d 72, 77 (D.C. Cir. 1997).[1]

### BACKGROUND

After pleading guilty to federal drug offenses, Nuckols was given a split sentence, comprised of a 75-month term of imprisonment followed by a 48-month term of probation.

---

[1] Defendant filed a motion to dismiss on multiple grounds, including issue preclusion. That motion does not serve as the basis for this decision.

(Compl. at 17-18.)[2] Federal statute mandates in pertinent part, that the BOP "make available appropriate substance abuse treatment for each prisoner the Bureau determinates has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). It further mandates that the BOP, "subject to the availability of appropriations, provide residential substance abuse treatment . . . for all eligible prisoners . . . with priority for such treatment accorded based upon an eligible prisoner's proximity to release date." 18 U.S.C. § 3621(e)(1)(C).

In February 2006, Nuckols' requested an immediate evaluation of his eligibility for the residential substance abuse treatment program ("RDAP"). (Compl. at 15.) His request was denied based on the eligibility criterion established by federal regulation providing that "[o]rdinarily, the inmate must be within thirty-six months of release" to be eligible for RDAP. 28 C.F.R. § 550.56(a)(4). Nuckols' release date, taking account of good time credits, was January 24, 2011. (Compl. at 38, Att. A, Response from Warden Paul M. Schultz to Nuckols, Jan. 3, 2007.) Thus, in January 2008, assuming he accumulated all available good time, Nuckols would be within thirty-six months of his release date. Alleging that denying him an immediate eligibility evaluation upon request is contrary to the federal statute, Nuckols points to a provision in the BOP's relevant Program Statement that provides, in pertinent part, that "[o]nce an inmate requests residential drug abuse treatment programming, the drug abuse treatment staff shall determine the inmate's eligibility for the program." (Defs.' Mot. to Dismiss, Ex. H at 3, Program Statement 5330.10, Chapter 2, § 2.3.1.)

---

[2] The page numbers cited here refer to the ECF system numbers superimposed on the documents filed, not the page numbers applied by the filer, as the latter are not unique identifiers within a document.

Nuckols' complaint alleging a violation of the APA was received in this Court on June 20, 2007. He had previously raised the same issues based on an identical set of facts in a petition for *habeas corpus* that he filed in the United States District Court for the District of New Jersey in May 2007. (*Cf.* Defs.' Mot. to Dismiss, Ex. I, Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed in Civil Action No. 07-2319 (RBK) in the U.S. District Court for the District of New Jersey, at 19-22 *with* Compl. at 15-19.) On June 8, 2007, District Judge Robert B. Kugler dismissed the *habeas* petition because Nuckols had not shown that he had suffered any injury from a "violation of the Constitution, laws, or treaties of the United States." *Nuckols v. Schultz,* Civil Action No. 07-2319 (RBK), 2007 WL 1723409, *3 (D.N.J. June 8, 2007) (quoting 28 U.S.C. § 2241). Rather, "the only 'violation' allegedly suffered by [Nuckols] is his need to wait for the BOP's determination." *Id.* In order to reach that conclusion, however, Judge Kugler first determined that the BOP's interpretation of the statute and regulations was reasonable under the standard announced in *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837 (1984) and its progeny, and that the BOP's application of the statute and regulations to Nuckols constituted no injury to Nuckols. *Nuckols,* 2007 WL 1723409, *3, 4-5.[3]

## DISCUSSION

"Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because . . . it should have been advanced in an earlier suit." *Migra v. Warren City School Dist. Bd. of Educ.,* 465 U.S. 75, 77 n.1 (1984) (citation omitted). It's goal is to promote the finality of judicial determinations, to foster reliance on judicial decisions by

---

[3] The opinion is written in the reverse order, but the correctness of BOP's implementation of the statute was a necessary condition precedent for Judge Kugler's determination that Nuckols had shown no injury.

minimizing the possibility of inconsistent decisions, to conserve judicial resources, and to spare adversaries the vexation and expense of redundant litigation. *See Montana v. United States,* 440 U.S. 147, 153 (1979). "Under [claim preclusion] a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry,* 449 U.S. 90, 94 (1980); *see also Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 376 n.1 (1985) (stating that its purpose is to prevent "litigation of matters that should have been raised in an earlier suit"). Parties "may not relitigate any ground for relief which they already have had an opportunity to litigate — even if they chose not to exploit that opportunity" in the prior suit. *Page v. United States,* 729 F.2d 818, 820 (D.C. Cir. 1984). In short, the doctrine embodies the principle "that a party who once has had a *chance* to litigate a claim before an appropriate tribunal usually ought not to have another chance to do so." *SBC Communications. Inc. v. FCC,* 407 F.3d 1223, 1229 (D.C. Cir. 2005) (emphasis in the original, internal quotation marks and citation omitted).

Under the doctrine of claim preclusion, "a judgment on the merits in a prior suit bars a second suit involving identical parties . . . based on the same cause of action." *Apotex Inc. v. FDA,* 393 F.3d 210, 217 (D.C. Cir. 2004); *see also Stanton v. District of Columbia Court of Appeals,* 127 F.3d 72, 78 (D.C. Cir. 1997) ("The general principle of claim preclusion is that a final, valid judgment on the merits precludes any further litigation between the same parties on the same cause of action."). A "cause of action, for purposes of claim preclusion, comprises all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." *Stanton,* 127 F.3d at 78 (internal quotation marks and citations omitted). "[I]t is the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory

upon which a litigant relies." *Page,* 729 F.2d at 820. Thus, an action based on the same nucleus of facts as that of a prior action is said to share the same cause of action, and therefore is barred by claim preclusion, even if the latter action is predicated on a different legal theory. In other words, claim preclusion bars a claim that could have been brought in a prior suit based on the same nucleus of facts, but was not.

For claim preclusion to apply, there must be "(1) an identity of parties in both suits; (2) a judgment rendered by a court of competent jurisdiction; (3) a final judgment on the merits; and (4) the same cause of action in both suits." *Coleman v. Potomac Electric Power Co.,* No. 03-1202, 2004 WL 532192, at *2 (D.D.C. Mar.17, 2004) (quoting *Polsby v. Thompson,* 201 F. Supp.2d 45, 48 (D.D.C. 2002)). Claim preclusion does not bar a "plaintiff from later bringing claims that either could not have been anticipated when the first suit was filed or would have been utterly impracticable to join at that time." *U.S. Industries, Inc. v. Blake Const. Co., Inc.,* 765 F.2d 195, 205 n.21 (D.C. Cir. 1985); *see also Apotex,* 393 F.3d at 218.

Here, there is an identity of parties in this suit and the *habeas* petition, because a warden of a federal prison, the respondent in the prior *habeas* suit, is in privity with the Bureau of Prisons and its Director. "There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is *res judicata* in relitigation of the same issue between that party and another officer of the government." *Sunshine Antracite Coal Co. v. Adkins,* 310 U.S. 381, 402-03 (1940); *see also Warren v. McCall,* 709 F.2d 1183, 1184-85 (7th Cir. 1983) (finding that officers of the Parole Commission were in privity with the warden for purposes of *res judicata*); *Church of New Song v. Establishment of Religion on Taxpayers' Money in Federal Bureau of Prisons,* 620 F.2d 648, 654 (7th Cir. 1980) (finding that BOP employees in Texas were in privity with BOP employees in Illinois for

purposes of *res judicata*). Here, there has also been a final judgment after a consideration of the merits by a court of competent jurisdiction. *Nuckols,* 2007 WL 1723409. Finally, a comparison of the petition filed in *Nuckols* and the complaint filed here establishes that both actions were based on identical facts, all of which occurred prior to Nuckols filing his petition for *habeas corpus* relief. (*Cf.* Compl. at 15-19 *with* Defs.' Mot. to Dismiss, Ex. I at 19-22.)

## CONCLUSION

Because the instant suit is barred by the doctrine of claim preclusion, it will be dismissed. A related order accompanies this memorandum opinion.

RICHARD J. LEON
United States District Judge

Dated: 9/25/08